**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| CRISTINA JORDAN,<br><br>                              Plaintiff,<br><br>    v.<br><br>PANASONIC CORPORATION OF<br>NORTH AMERICA, INC., D/B/A<br>PANASONIC ENERGY OF NORTH<br>AMERICA,<br><br>                              Defendant. | Case No. 3:25-CV-00257-ART-CLB<br><br>**ORDER GRANTING PLAINTIFF'S<br>MOTION FOR ALTERNATIVE SERVICE**<br><br>[ECF No. 40] |

Before the Court is Plaintiff Cristina Jordan's ("Jordan") motion for alternative service. (ECF No. 40.) In the motion, Jordan seeks leave to serve a Rule 45 subpoena for documents and deposition testimony upon non-party, Jarelle Goforth, by alternate means. Specifically, by posting a copy of the notice and subpoena to the front door of her primary residence. (*Id.*) No opposition was filed. For the reasons stated below, the Court grants the motion.

Federal Rule of Civil Procedure 45 governs subpoenas issued to third parties. Rule 45(b)1 provides that "[s]erving a subpoena requires delivering a copy to the named person[.]" Fed. R. Civ. P. 45(b)(1). The majority rule is that Rule 45 requires personal service. *See Chima v. U.S. Dep't of Def.*, 23 F. App'x 721, 724 (9th Cir. 2001) (holding "service by mail rather than by personal service" of subpoena duces tecum on defense witnesses was improper). However, service of a Rule 45 subpoena via alternative methods, such as mail delivery, may be available pursuant to court order. *See Westgate LVH, LLC v. Trustees of Nevada Resort Assoc.*, 2:17-cv-01731-RFB-NJK, 2018 WL 11445543, at *2 (D. Nev. July 16, 2018) (recognizing trend of allowing alternative service); *In re Pro-Sys Consultants*, 16-mc-80118-JSC, 2016 WL 6025155, at *1 (N.D. Cal. Oct. 14, 2016) (collecting cases); *Khan v. Rogers*, 17-cv-05548RS (LB), 2018 WL 5849010, at *4, (N.D. Cal. Nov. 6, 2018) (recognizing trend permitting service by mail pursuant to

court order). Importantly, most courts agree that alternative service is available "where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service." *Westgate*, 2018 WL 11445543 at *1.

In the instant case, Jordan submits evidence that she has attempted to serve Ms. Goforth at her personal residence on more than one occasion to no avail. The evidence submitted establishes that Jordan has been diligent in her efforts to serve Ms. Goforth; however, it appears that Ms. Goforth may be attempting evade service.

Accordingly, the Court **GRANTS** Jordan's motion for alternative service. (ECF No. 40.) Jordan shall effectuate service by leaving a copy of the notice and subpoena on the front door of Ms. Goforth's primary residence.

**IT IS SO ORDERED.**

**DATED**: March 2, 2026    .

_____
**UNITED STATES MAGISTRATE JUDGE**

2